# In the United States Court of Federal Claims

No. 17-166C
(Filed September 22, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
DAVID BOLAND, INC.,              *
                                 *
                Plaintiff,       *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Pending before the Court is plaintiff's motion *in limine* to exclude testimony from defendant's expert, Dr. Lin Shen, under Federal Rule of Evidence 702 ("Rule 702"). Pl's Mot. in Limine to Exclude Def's Expert ("Pl.'s Mot."), ECF No. 38.† "In general, Rule 702 is viewed as requiring the trial judge to ensure that proffered expert testimony is both reliable and relevant." *Murfam Farms, LLC ex rel. Murphy v. United States*, No. 06-245T, 2008 WL 4725468, at *1 (Fed. Cl. Sept. 19, 2008) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)); *see also Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015) ("[A] district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." (citation omitted)). Reliability turns on the question of whether the testimony is grounded in scientific methods and procedures that are accepted in the expert's discipline. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993); Fed. R. Evid. 702(c) (requiring expert testimony to be "the product of reliable principles and methods"). Relevance turns on the question of whether the testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 (requiring expert testimony to be "based on sufficient facts or data"); *see also Daubert*, 509 U.S. at 591. "Although under *Daubert* a judge is required to act as a gatekeeper to prevent unreliable or irrelevant evidence from being admitted, the trial judge has great

---

† The day after it was filed, this motion was corrected with the filing of a version containing the appropriate cover page for Exhibit 15. *See* ECF No. 39.

discretion in deciding what expert testimony to allow." *Murfam Farms LLC*, at *1 (citing *Kumho*, 526 U.S. at 147).  Here, the Court has determined that Dr. Shin's testimony is sufficiently reliable and relevant to survive plaintiff's motion *in limine*.

One of plaintiff's concerns is that Dr. Shen's opinions about fiber longevity appeared for the first time in his deposition and were not disclosed in his report. *See* Pl.'s Mot., Ex. 1 at 77:9–23; 102:8–104:20 (discussing fiber longevity concerns as new); 168:15–18 ("I did not do any research, investigation, about FORTA-FERRO fibers.").  Because these were newly-minted, plaintiff argues they should be excluded. Pl.'s Mot. at 16–17.  Under Rule 26(a)(2)(B) of the Rules of the Court of Federal Claims (RCFC), a party's expert "disclosure must be accompanied by a written report," which "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them."  Pl.'s Mot. at 16 (citing Fed. R. Civ. P. 37(c)(1) (excluding such new information from subsequent consideration)).  But this concern is obviated by the government's disclaimer that "Dr. Shen will not testify regarding the longevity of the fibers contained within Boland's concrete sewer manholes, nor did [defendant] ever intend to offer him for that purpose."  Def's Resp. at 8.  As such, the Court expects that Dr. Shen's testimony will not be offered to question the longevity of FORTA-FERRO fibers.

Plaintiff also argues that Dr. Shen's claims regarding possible invisible cracks in manhole risers lacking steel, *see* Pl.'s Mot., Ex. 2 at 4–6, are merely speculative, and that testimony to that effect should be excluded, Pl.'s Mot. at 17–18.  Plaintiff argues that Dr. Shen discounted contrary visual inspection evidence and offers no data based on reliable methods to suggest invisible cracks existed.  But that is not the point of Dr. Shen's testimony.  As it is being offered to cast doubt on the methods of Boland's expert testimony, it understandably offers little in the way of affirmative arguments, *see* Pl.'s Mot., Ex. 2 at 2, 5–7.  *See, e.g.*, *Faulkner v. Arista Records LLC,* 46 F. Supp. 3d 365, 386 (S.D.N.Y. 2014) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (describing rebuttal expert testimony as functioning "to explain, repel, counteract, or disprove evidence of the adverse party," not necessarily as establishing a case-in-chief)) (permitting expert testimony to rebut the opinions offered by an opposing expert).  And to the extent Dr. Shen makes affirmative claims, they speak to the strength of different materials.  Pl.'s Mot., Ex. 2 at 3–5.  Such claims relate to the tensile strength and elasticity of "virgin copolymer/Polypropylene" fibers compared to steel, and this data is derived from relevant scientific literature.  *Id.* at 3.  Based on that data, Dr. Shen concludes that "steel is around 20 time stiffer than polypropylene fiber." *Id.* Although Dr. Shen does not purport to prove that invisible cracks existed in the steel-free manhole risers, he infers from the absence of steel that the likely development of invisible cracks was increased when the manhole risers were transported in the same way that steel-reinforced units were moved.  *See id.* at 5–7.

As for Dr. Shen's methods, they amount to criticizing the methods employed by plaintiff's experts. *See, e.g.*, *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557 (8th Cir. 2014) (holding that courts should be liberal in admitting expert evidence and such evidence should more often "be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." (citing *Daubert*, 509 U.S. at 590, 596)). He expresses the opinion that visual inspection of the concrete sections was "ineffective" to identify cracks below the surface and criticizes plaintiff's experts for assuming that the sections were crack-free. Pl.'s Mot., Ex. 2 at 6–7. While in his deposition Dr. Shen backed away from the assertion in his report that "plaintiff's expert reports assume, without support, that the SMHs were not structurally compromised at the time of their installation," Pl.'s Mot., Ex. 2 at 2–3, and acknowledged that visual inspection constituted "some support," Pl.'s Mot., Ex. 1 at 121:23–24, this does not eviscerate the broader acceptability of his testimony.

Ultimately, plaintiff's concerns may be raised later to attack the credibility of Dr. Shen's testimony, but the same concerns do not adequately convince this Court that the testimony should be excluded. *See, e.g.*, *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). Given that defendant has agreed not to present Dr. Shen's testimony for any purpose outside of his report, and to the extent that Dr. Shen's report relies on sufficient facts and appears to be the product of reliable principles and methods, plaintiff's motion *in limine* is **DENIED**. The parties shall submit a joint status report on or by **Tuesday, October 6, 2020**, proposing a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
